IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| LENORA GLOVER, *on behalf of herself and others similar situated,*<br><br>            Plaintiff,<br><br>v.<br><br>MICROBILT CORPORATION,<br><br>            Defendant. | Civil Action No. 1:19-cv-1337 |

**COMPLAINT**

COMES NOW Plaintiff, Lenora Glover, on behalf of herself and the proposed class, by counsel, and files this Class Action Complaint against Defendant, MicroBilt Corporation ("MicroBilt"). Plaintiff alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a consumer class action brought for willful violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x. Congress enacted the FCRA "to prevent consumers from being unjustly damaged because of inaccurate or arbitrary information in a credit report." S. Rep. No. 91-517 (1969).

2. The FCRA was expressly enacted to ensure that consumer reporting agencies "adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is ***fair and equitable to the consumer***, with regard to the confidentiality, ***accuracy***, relevancy, and proper utilization of such information." 15 U.S.C. § 1681 (emphasis added).

3. To accomplish this goal, the FCRA contains a variety of requirements to protect consumers, including § 1681i, which is one of the cornerstone provisions of the FCRA. This

section grants consumers the right to dispute the completeness or accuracy of any item of information contained in a consumer's file. *See* 15 U.S.C. § 1681i. This is one, if not the most, of the vital and effective protections of the FCRA.

4.  When a consumer disputes information reported in their credit report, § 1681i establishes the requirements and obligations that consumer reporting agencies must follow. For example, when a consumer disputes "the completeness or accuracy of any item of information contained" in the consumer's file, the FCRA requires the credit reporting agency to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information" within 30 days. 15 U.S.C. § 1681i(a)(1). As part of this process, the credit reporting agency must provide prompt notice to the furnisher of the information and consider all of the information presented in a consumer's dispute. 15 U.S.C. § 1681i(a)(2), (4).

5.  MicroBilt systematically disregards the requirements of § 1681i and, instead, attempts to impose additional burdens on consumers before investigating their disputes. Rather than investigating disputes from consumers, MicroBilt responds to consumer disputes with a form notice requesting more information from the consumer, much of which is unnecessary for it to conduct an investigation. For example, Microbilt's response claims that "before [it] can accurately investigate your dispute," the consumer must "supply [it] with all the necessary information to do so," including their employer's name and address, their driver's license number and state, and documents supporting the dispute. None of this is required by the FCRA or necessary to enable MicroBilt to identify the consumer and investigate the dispute.

6.  MicroBilt attempts to impose these additional requirements to lower the number of disputes it must investigate, thereby lowering its costs and increasing its profits. Accordingly,

Plaintiff alleges class claims against MicroBilt for its systematic and willful violations of §§ 1681i(a)(1), 1681i(a)(2) and 1681i(a)(4).

7.  Additionally, because the information in Ms. Glover's report was inaccurate, she also asserts an individual claim against MicroBilt under 15 U.S.C. § 1681i(a)(5) for failing to delete the inaccurate information within 30 days of receipt of her dispute.

## JURISDICTION AND VENUE

8.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

9.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## PARTIES

10. Ms. Glover is a natural person residing in this District and Division and is also a consumer as defined by 15 U.S.C. § 1681a(c).

11. MicroBilt is a corporation organized under the laws of Delaware. MicroBilt is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

## BACKGROUND

### *The FCRA's Mandated Procedures When a Consumer Disputes Information*

12. In order to further the stated purpose of requiring consumer reporting agencies to report accurately and in a manner that is "fair and equitable to the consumer," 15 U.S.C. § 1681, the FCRA mandates procedural protections for consumers who dispute the accuracy or completeness of information in their credit files. *See* 15 U.S.C. § 1681i.

13. These procedural protections have been likened to a "system of 'due process' under which the consumer subjects may learn of adverse reports, be confronted with the information therein, and be able to correct or supplement false or misleading entries." *In the Matter of Equifax*

3

*Inc.*, 96 F.T.C. 844 (F.T.C. 1980), *set aside in part on other grounds sub nom. Equifax Inc. v. F.T.C.*, 678 F.2d 1047 (11th Cir. 1982) (quoting Note, G. Allan Van Fleet, *Judicial Construction of the Fair Credit Reporting Act: Scope and Civil Liability*, 76 Colum. L. Rev. 458, 466 (1976)).[1]

14.  The FCRA, 15 U.S.C. § 1681i, provides several separate procedural rights for consumers who dispute information in their credit file including the rights to, **(1)** a reinvestigation by the credit reporting agency (§ 1681i(a)(1)), **(2)** the forwarding of the dispute to the furnisher of the information, triggering the furnisher's responsibilities under § 1681s-2 (§ 1681i(a)(2)), and **(3)** deletion of inaccurate or incomplete information (§ 1681i(a)(5)).[2]

15.  A Plaintiff may establish a violation of the right to a reinvestigation under § 1681i(a)(1) by demonstrating that (1) he or she disputed the completeness or accuracy of information with the credit reporting agency and (2) the credit reporting agency failed to either (i) conduct a reasonable reinvestigation and record the current status of the disputed information or (ii) deleted the item from the file.

---

[1] "As Senator Proximire noted when the consumer credit bill was introduced in the Senate:

> It would be unrealistic to expect credit reporting agencies to be absolutely correct on every single case. But it seems to me that consumers affected by an adverse rating do have ***a right to present their side of the story*** and to have inaccurate information expunged from their file. Considering the growing importance of credit in our economy, the right to fair credit reporting is becoming more and more essential. We certainly would not tolerate a Government agency depriving a citizen of his livelihood or freedom on the basis of unsubstantiated gossip without ***an opportunity to present his case***. And yet this is entirely possible on the part of a credit reporting agency."

*In the Matter of Equifax Inc.*, 96 F.T.C. 844 (emphasis added) (quoting 115 Cong. Rec. 2412 (1969)).

[2] *See also In the Matter of Equifax Inc.*, 96 F.T.C. 844 ("Compliance with the consumer disclosure, reinvestigation and correction provisions of the statute is fundamental to achievement of Congress' goal of assuring 'maximum possible accuracy' in consumer reports.").

16. Similarly, a Plaintiff may establish a credit reporting agency's violation of § 1681i(a)(2) by demonstrating that (1) he or she disputed the completeness or accuracy of information with the credit reporting agency, and (2) the credit reporting agency failed to provide proper notification of the dispute to the furnisher of the information.

*Ms. Glover's Disputes*

17. In March 2018, Ms. Glover obtained a copy of her MicroBilt credit report and learned that MicroBilt was reporting inaccurate information in her credit report.

18. MicroBilt was reporting several invalid loans in her credit file. These loans were designated as "bad loans," and thus the information was adverse information.

19. It was inaccurate for MicroBilt to report the loans because the loans were void under Virginia law, and Ms. Glover was thus not obligated to make any payment on the loans, including the principal balance. *See* Va. Code § 6.2-1541.

20. Ms. Glover disputed the inaccurate information in her MicroBilt credit file through a written dispute on or around July 11, 2018.

21. Ms. Glover's dispute included her name, home address, telephone number, date of birth, and social security number.

22. Her dispute explained that her MicroBilt credit file included inaccurate, derogatory information in her credit file. Ms. Glover's letter included a detailed explanation of the problem and provided a list of the accounts she disputed.

23. The information provided in Ms. Glover's letter was sufficient information for MicroBilt to investigate her dispute.

24. Ms. Glover requested that MicroBilt conduct an investigation into her dispute and delete the items she disputed from her credit file.

25. MicroBilt received Ms. Glover's dispute by July 17, 2018.

26. However, instead of conducting an investigation and forwarding her dispute to the furnishers of the information as required by the FCRA, MicroBilt sent Ms. Glover a standard form letter requesting additional information.

27. The information requested, however, was either duplicative of what Ms. Glover had already provided MicroBilt in her July 11, 2018 dispute or it was unnecessary to her dispute.

28. The following information was required by MicroBilt's form letter to Ms. Glover:

```
1) Your Full Name                    2) Other Name
3) Full Address                      4) Home Phone
5) Employer Name & Address           6) Your Social Security Number
7) Your Date of Birth                8) Your Driver's License Number and State
9) Details as to what items you believe may be inaccurate
10) Details as to why you believe items may be inaccurate
11) Details as to the correct information you feel is accurate
12) Documents supporting your dispute
13) Other details or documents you believe will be helpful in our investigation
```

29. Upon information and belief, MicroBilt did not determine that Ms. Glover's July 2018 dispute was frivolous or irrelevant.

30. As a result of MicroBilt's conduct, Ms. Glover suffered concrete and particularized injuries, including reduced credit scores, increased risk of dissemination of the inaccurate information about her, damage to reputation, embarrassment, other emotional distress, and the cost of postage.

*MicroBilt's Noncompliance with the FCRA's*
*Procedures in Case of Disputed Accuracy*

31. As a standard policy, MicroBilt requests a consumer to provide the following information when disputing any information in his or her credit file:

(1) full name;

(2) other name;

(3) full address;

(4) home phone;

(5) employer name & address;

(6) social security number;

(7) date of birth;

(8) copy of driver's license, state identification, or two alternative forms of identification;

(9) details as to what items the consumer believes may be inaccurate;

(10) details as to why the consumer believes the items may be inaccurate;

(11) details as to the correct information the consumer feels is accurate;

(12) documents supporting your dispute; and

(12) other details or documents the consumer believes will be helpful to Microbilt's investigation.[3]

32. MicroBilt requires this information in its Consumer Dispute Form.[4] Although MicroBilt does not necessarily require consumers to use the Consumer Dispute Form, it requires consumers to submit all of the information in its Consumer Dispute Form before it will consider a consumer dispute.

33. Upon information and belief, as a standard practice, if MicroBilt receives a dispute that does not include all of the information listed in its Consumer Dispute Form, MicroBilt does

---

[3] *See MicroBilt Consumer Affairs*, microbilt (last visited Sep. 30, 2019), https://www.microbilt.com/us/consumer-affairs.

[4] *Id.*

not conduct an investigation and does not forward the dispute to the furnisher of the information. Instead, MicroBilt responds with a form letter requesting the information.

34. Upon information and belief, MicroBilt understands that this is an insufficient basis under the FCRA to refuse to investigate a dispute, but it nonetheless follows this policy, because it saves it money. *See Younger v. Experian Info. Sols., Inc.*, No. 2:15-CV-00952-SGC, 2017 WL 5465527, at *10 (N.D. Ala. Sept. 22, 2017) ("Experian points to no other foundation in the statutory text for a procedure by which it may place the burden on a consumer to do something beyond sending a dispute letter in order to trigger the duty to reinvestigate. . . . Experian's policy, such as it is, is not supported by the statutory language of the FCRA.").

35. Because MicroBilt does not make money processing disputes, it is within MicroBilt's interest to reject disputes without an investigation or to discourage consumers from sending disputes.

36. There is no reason for MicroBilt to require this extensive information, other than to make the process more onerous for consumers.

37. Upon information and belief, when MicroBilt sells consumer reports to its clients, it does not require such extensive information in order to identify a consumer.

38. To the contrary, MicroBilt has several products that it markets to debt collectors as being able to identify an individual, "Whether you're starting with a name, address or phone number . . . ."[5]

39. Upon information and belief, MicroBilt knows its policy violates the FCRA, but it does not intend to modify its procedures because doing so would increase its operating expenses.

---

[5] Collection & Recovery APIs: Locate People, microbilt (last visited Sept. 30, 2019), https://developer.microbilt.com/apis/locate-people.

## COUNT ONE:
## VIOLATION OF FCRA, 15 U.S.C. § 1681i(a)(1)
## (CLASS CLAIM)

40. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

41. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for herself and on behalf of a class defined as the § 1681i(a)(1) Class follows:

> All persons residing in the United States (1) who disputed any information in their MicroBilt credit file, (2) received a letter from MicroBilt requesting further information such as the one received by Plaintiff, and (3) within two years prior to the filing of this action and during its pendency.

> Plaintiff is a member of the § 1681i(a)(1) Class.

42. **Numerosity. Fed. R. Civ. P 23(a)(1).** Upon information and belief, Plaintiff alleges that the class members are so numerous that joinder of all their claims is impractical. The class members' names and addresses are identifiable through MicroBilt's internal business records, and they may be notified of the pendency of this action by published and/or mailed notice.

43. **Predominance of Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2).** Common questions of law and fact exist as to all putative class members, and there are no factual or legal issues that differ between the putative class members. These common questions predominate over the questions affecting only individual class members. The common questions include (1) whether MicroBilt's refusal to conduct an investigation unless a consumer provides certain information, such as employer information and license information, is permissible under the FCRA's dispute procedures; (2) whether MicroBilt's conduct constituted a violation of the FCRA; and (3) whether MicroBilt's conduct was willful.

44. **Typicality. Fed. R. Civ. P. 23(a)(3).** Plaintiff's claims are typical of the claims of each putative class member. Plaintiff is entitled to relief under the same causes of action as the

other putative class members. Additionally, Plaintiff's claims are based on the same facts and legal theories as each of the class members' claims.

45. **Adequacy of Representation**. Fed. R. Civ. P. 23(a)(4). Plaintiff is an adequate representative of the putative class because her interests coincide with, and are not antagonistic to, the interests of the other putative class members. Plaintiff has retained counsel competent and experienced in such litigation and intends, with her counsel, to continue to prosecute the action vigorously. Plaintiff and her counsel will fairly and adequately protect the class members' interests. Neither Plaintiff nor her counsel have any interest that might conflict with their vigorous pursuit of this action.

46. **Superiority**. Fed. R. Civ. P. 23(b)(3). Questions of law and fact common to the class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each class member are such that individual prosecution would prove burdensome and expensive. It would be virtually impossible for individual class members to effectively redress the wrongs done to them. Even if the class members could afford individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the legal and factual issues raised by MicroBilt's conduct. By contrast, the class-action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

47. MicroBilt violated § 1681i(a)(1) of the FCRA by refusing to process Plaintiff's dispute because she did not include every piece of information it requires in its Consumer Dispute Form as a condition of processing disputes.

48. Upon information and belief, MicroBilt uses a systematically unlawful process where it refuses to reinvestigate any dispute that does not include all of the information listed in its Consumer Dispute Form.

49. Although MicroBilt does not necessarily require consumers to use the Consumer Dispute Form, it requires consumers to submit all of the information in its Consumer Dispute Form before it will consider a consumer dispute.

50. Upon information and belief, as a standard practice, if MicroBilt receives a dispute that does not include all of the information listed in its Consumer Dispute Form, MicroBilt does not conduct a reinvestigation into the dispute. Instead, MicroBilt responds with a form letter requesting the information.

51. Plaintiff and each putative class member suffered real and actual harm and injury, including not having their dispute investigated and the cost of postage.

52. MicroBilt's conduct was willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, the violation was negligent, rendering it liable under 15 U.S.C. § 1681o.

53. As a result of these FCRA violations, MicroBilt is liable for statutory damages from $100.00 to $1,000.00 for Plaintiff and each class member, punitive damages, attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

## COUNT TWO:
## VIOLATION OF FCRA, 15 U.S.C. § 1681i(a)(2)
## (CLASS CLAIM)

54. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

55. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for herself and on behalf of a class defined as the § 1681i(a)(2) Class as follows:

> All persons residing in the United States (1) who disputed any information in their MicroBilt credit file, (2) received a letter from MicroBilt requesting further information such as the one received by Plaintiff, and (3) within two years prior to the filing of this action and during its pendency.

> Plaintiff is a member of the § 1681i(a)(2) Class.

56. **Numerosity. Fed. R. Civ. P 23(a)(1).** Upon information and belief, Plaintiff alleges that the class members are so numerous that joinder of all their claims is impractical. The class members' names and addresses are identifiable through MicroBilt's internal business records, and they may be notified of the pendency of this action by published and/or mailed notice.

57. **Predominance of Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2).** Common questions of law and fact exist as to all putative class members, and there are no factual or legal issues that differ between the putative class members. These common questions predominate over the questions affecting only individual class members. The common questions include (1) whether MicroBilt's refusal to forward a dispute to a furnisher unless a consumer provides certain information is permissible under the FCRA's dispute procedures; (2) whether MicroBilt's conduct was willful; and (3) the appropriate amount of damages to be awarded to Plaintiff and the other members of the class.

58. **Typicality. Fed. R. Civ. P. 23(a)(3).** Plaintiff's claims are typical of the claims of each putative class member. Plaintiff is entitled to relief under the same causes of action as the

other putative class members. Additionally, Plaintiff's claims are based on the same facts and legal theories as each of the class members' claims.

59. **Adequacy of Representation**. Fed. R. Civ. P. 23(a)(4). Plaintiff is an adequate representative of the putative class because her interests coincide with, and are not antagonistic to, the interests of the other putative class members. Plaintiff has retained counsel competent and experienced in such litigation and intends, with her counsel, to continue to prosecute the action vigorously. Plaintiff and her counsel will fairly and adequately protect the class members' interests. Neither Plaintiff nor her counsel have any interest that might conflict with their vigorous pursuit of this action.

60. **Superiority**. Fed. R. Civ. P. 23(b)(3). Questions of law and fact common to the class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each class member are such that individual prosecution would prove burdensome and expensive. It would be virtually impossible for individual class members to effectively redress the wrongs done to them. Even if the class members could afford individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the legal and factual issues raised by MicroBilt's conduct. By contrast, the class-action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

61. MicroBilt violated § 1681i(a)(2) of the FCRA by refusing to forward Plaintiff's disputes to the furnishers of information because she did not include every piece of information it requires in its Consumer Dispute Form.

62. Upon information and belief, MicroBilt uses a systematically unlawful process where it refuses to forward any dispute that does not include all of the information listed in its Consumer Dispute Form.

63. Although MicroBilt does not necessarily require consumers to use the Consumer Dispute Form, it requires consumers to submit all of the information in its Consumer Dispute Form before it will consider a consumer dispute.

64. Upon information and belief, as a standard practice, if MicroBilt receives a dispute that does not include all of the information listed in its Consumer Dispute Form, MicroBilt does not forward the dispute to the furnisher of the information. Instead, MicroBilt responds with a form letter requesting the information.

65. Thus, not only were Plaintiff and the putative class members deprived of their rights under § 1681i, but they were also deprived of their rights under § 1681s-2.

66. Plaintiff and each putative class member suffered real and actual harm and injury, including not having their dispute forwarded to the furnisher of the information, the cost of postage, and not having the disputed information marked as disputed in their credit file.

67. MicroBilt's conduct was willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, the violation was negligent, rendering it liable under 15 U.S.C. § 1681o.

68. As a result of these FCRA violations, MicroBilt is liable for statutory damages from $100.00 to $1,000.00 for Plaintiff and each class member, punitive damages, attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

## COUNT THREE:
## VIOLATION OF FCRA, 15 U.S.C. § 1681i(a)(4)
## (CLASS CLAIM)

69. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

70. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for herself and on behalf of a class defined as the § 1681i(a)(3) Class as follows:

> All persons residing in the United States (1) who disputed any information in their MicroBilt credit file and (2) received a letter from MicroBilt requesting further information such as the one received by Plaintiff (3) within two years prior to the filing of this action and during its pendency.

> Plaintiff is a member of the § 1681i(a)(3) Class.

71. **Numerosity. Fed. R. Civ. P 23(a)(1).** Upon information and belief, Plaintiff alleges that the class members are so numerous that joinder of all their claims is impractical. The class members' names and addresses are identifiable through MicroBilt's internal business records, and they may be notified of the pendency of this action by published and/or mailed notice.

72. **Predominance of Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2).** Common questions of law and fact exist as to all putative class members, and there are no factual or legal issues that differ between the putative class members. These common questions predominate over the questions affecting only individual class members. The common questions include (1) whether MicroBilt's refusal to properly consider a consumer's dispute unless a consumer provides certain information, such as a copy of a government issued identification, is

permissible under the FCRA's dispute procedures; (2) whether MicroBilt's conduct constituted a violation of the FCRA; and (3) whether MicroBilt's conduct was willful.

73. **Typicality**. **Fed. R. Civ. P. 23(a)(3).** Plaintiff's claims are typical of the claims of each putative class member. Plaintiff is entitled to relief under the same causes of action as the other putative class members. Additionally, Plaintiff's claims are based on the same facts and legal theories as each of the class members' claims.

74. **Adequacy of Representation**. **Fed. R. Civ. P. 23(a)(4).** Plaintiff is an adequate representative of the putative class because her interests coincide with, and are not antagonistic to, the interests of the other putative class members. Plaintiff has retained counsel competent and experienced in such litigation and intends, with her counsel, to continue to prosecute the action vigorously. Plaintiff and her counsel will fairly and adequately protect the class members' interests. Neither Plaintiff nor her counsel have any interest that might conflict with their vigorous pursuit of this action.

75. **Superiority**. **Fed. R. Civ. P. 23(b)(3).** Questions of law and fact common to the class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each class member are such that individual prosecution would prove burdensome and expensive. It would be virtually impossible for individual class members to effectively redress the wrongs done to them. Even if the class members could afford individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the legal and factual issues raised by MicroBilt's conduct. By contrast, the class-action device will result in substantial benefits to the

litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

76. MicroBilt violated § 1681i(a)(4) of the FCRA by refusing to consider all of the information in Plaintiff's dispute because she did not include every piece of information it requires in its Consumer Dispute Form.

77. Upon information and belief, MicroBilt uses a systematically unlawful process where it refuses to properly consider a dispute that does not include all of the information listed in its Consumer Dispute Form.

78. Although MicroBilt does not necessarily require consumers to use the Consumer Dispute Form, it requires consumers to submit all of the information in its Consumer Dispute Form before it will consider a consumer dispute.

79. Upon information and belief, as a standard practice, if MicroBilt receives a dispute that does not include all of the information listed in its Consumer Dispute Form, MicroBilt does not consider the information in the Plaintiff's dispute. Instead, MicroBilt responds with a form letter requesting all of the information in its Consumer Dispute Form.

80. Plaintiff and each putative class member suffered real and actual harm and injury, including the delaying of their dispute, not having an opportunity to present their dispute, and the cost of postage.

81. MicroBilt's conduct was willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, the violation was negligent, rendering it liable under 15 U.S.C. § 1681o.

82.  As a result of these FCRA violations, MicroBilt is liable for statutory damages from $100.00 to $1,000.00 for Plaintiff and each class member, punitive damages, attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

## COUNT FOUR:
## VIOLATION OF FCRA, 15 U.S.C. § 1681i(a)(5)
## (INDIVIDUAL CLAIM)

83.  Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

84.  MicroBilt violated § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation of her file.

85.  Because of Defendant's violations of § 1681i(a)(5)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other emotional distress.

86.  Defendant's violations of § 1681i(a)(5)(A) were willful, rendering it liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff requests that the Court enter judgment against MicroBilt on behalf of herself and the class she seeks to represent for: (1) certification of this matter to proceed as a class action; (2) order MicroBuilt to update its procedures on the information it requires before it will treat a consumer dispute as a dispute under the FCRA; (3) award actual and additional statuary damages as pled herein; (4) award attorneys' fees, litigation expenses, and the costs of

suit; (5) punitive damages for Plaintiff's individual FCRA claims; and (6) such other relief the Court deems proper.

**TRIAL BY JURY IS DEMANDED.**

        Respectfully submitted,
        **LENORA GLOVER**

        By: _/s/ Casey S. Nash_
        Kristi C. Kelly, Esq., VSB #72791
        Andrew J. Guzzo, Esq., VSB #82170
        Casey S. Nash, Esq., VSB #84261
        KELLY GUZZO, PLC
        3925 Chain Bridge Road, Suite 202
        Fairfax, VA 22030
        Telephone: (703) 424-7572
        Facsimile: (703) 591-0167
        Email: kkelly@kellyguzzo.com
        Email: aguzzo@kellyguzzo.com
        Email: casey@kellyguzzo.com
        *Counsel for Plaintiff*